## STATE OF CONNECTICUT *v.* SCOTT LARKIN
## (12709)

SCHALLER, SPEAR and HENNESSY, Js.

Argued February 16—decision released June 6, 1995

*Frederick A. Busconi,* pro hac vice, with whom, on the brief, was *Anne Pappas Phillips,* for the appellant (defendant).

*Mitchell S. Brody,* assistant state's attorney, with whom, on the brief, were *Mark S. Solak,* state's attorney, and *Mark A. Stabile,* supervisory assistant state's attorney, for the appellee (state).

SPEAR, J. The defendant appeals from a judgment of conviction, after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2),[1] sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1),[2] sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A)[3] and risk of injury to a child in violation of General Statutes § 53-21.[4] On appeal, the defendant claims that the trial court improperly (1) refused to order the disclosure of the victim's diary until after the trial had commenced, (2) failed to make all of the victim's medical and psychiatric records avail-

[1] General Statutes § 53a-70 (a) provides in pertinent part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

[2] General Statutes § 53a-71 (a) provides in pertinent part: "A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such person . . . ."

[3] General Statutes § 53a-73a (a) provides in pertinent part: "A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age . . . ."

[4] General Statutes § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

able to him, (3) admitted evidence of prior bad acts and (4) denied his motion for judgment of acquittal that claimed that the conviction of both first and second degree sexual assault constituted double jeopardy.

The jury reasonably could have found the following facts. On April 5, 1991, the defendant, a twenty year old male, met the victim, a twelve year old girl, at a highway picnic area across the street from the victim's house. He gave the victim a beer and drove her to a wooded area where they engaged in sexual intercourse and other sexual acts. The victim told several people about her sexual encounter with the defendant, all of whom testified at trial. The victim's parents, upon learning about the incident from reading the victim's diary, reported the incident to the state police. Additional facts will be discussed as the context requires.

I

The defendant first claims that the late disclosure of the victim's diary violated his federal and state constitutional rights to a fair trial, confrontation and due process.[5] He argues that his late receipt of the material information contained in the diary prevented him from adequately preparing his defense, thereby depriving him of a fair trial. We disagree.

Prior to trial, the defendant moved to compel the state to disclose all exculpatory evidence pursuant to Practice Book § 741. In response, the state made the contents of its file, except the victim's diary and medical and psychiatric records, available for the defendant's review. The defendant thereafter moved to compel disclosure of the diary, but the trial court, after reviewing the documents, ordered the release of only

---

[5] We decline review of the state constitutional claims because the defendant failed to analyze the claims separately under the state constitution. See *State* v. *Sivri*, 231 Conn. 115, 140 n.16, 646 A.2d 169 (1994).

certain pages.[6] The defendant's subsequent motions for the state to disclose the entire diary were all denied. It was not until the second day of the victim's cross-examination at trial that the court allowed the defendant access to the victim's entire diary.

It is well established that " '[t]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.' *Brady* v. *Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) . . . ." (Citation omitted.) *State* v. *Daugaard*, 231 Conn. 195, 205, 647 A.2d 342 (1994). In order to prevail on a *Brady* claim, the defendant must show "(a) suppression by the prosecution after a request by the defense, (b) the evidence's favorable character for the defense, and (c) the materiality of the evidence." (Internal quotation marks omitted.) Id.; *State* v. *Shannon*, 212 Conn. 387, 406, 563 A.2d 646, cert. denied, 493 U.S. 980, 110 S. Ct. 510, 107 L. Ed. 2d 512 (1989). A defendant does not satisfy this three prong test by showing only a failure to disclose.

Our Supreme Court has further explained that evidence is material only "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Internal quotation marks omitted.) *State* v. *Shannon*, supra, 212 Conn. 406–407. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense." (Internal quotation marks omitted.) *State* v. *Daugaard*, supra, 231 Conn. 206.

[6] The trial court released the pages from the victim's diary dated February 12, April 5, and April 15, 1991.

Where, as here, the evidence was disclosed to the defendant at trial, the burden is on the defendant to "establish that he was prejudiced by the state's failure to make the information available to him at an earlier time." Id.

Our analysis of whether the defendant was prejudiced by the late disclosure focuses on the *effect* of the timing of the disclosure on the jury's verdict. The defendant makes the sweeping claim that the timing of the disclosure affected his entire trial strategy. He fails, however, to specify in what way he was prejudiced by not having been given the diary prior to trial. On the contrary, the diary was disclosed soon enough for it to be of use to the defendant during his cross-examination of the victim. In addition, the trial court granted the defendant's request for a continuance to allow him to prepare for his cross-examination of the victim.[7] In *State* v. *Reddick*, 197 Conn. 115, 122, 496 A.2d 466 (1985), cert. denied, 474 U.S. 1067, 106 S. Ct. 822, 88 L. Ed. 2d 795 (1986), our Supreme Court held that the defendant's bald assertion that he was deprived of the opportunity to make an adequate investigation failed to establish prejudice. As in *Reddick*, the defendant here has asserted prejudice but failed to sustain his burden of showing such. Therefore, the *Brady* claim must fail.

## II

The defendant next claims that the trial court improperly refused to make all of the victim's medical and psychiatric records available to the defense. He argues that he was entitled to review the records in their entirety because they went to the victim's mental and physical state as well as to her motive, bias and credibility. He further argues that an in camera review of the records

---

[7] The defendant requested and received an afternoon to review the diary and did not ask for any additional time to prepare.

does not adequately protect his right to prepare his defense, and suggests that we establish a procedure whereby defense counsel and the state would initially review all such records to determine what is exculpatory and material. The court would then review the records to determine which should be admitted. The defendant alternatively claims that the release of parts of the privileged records forty-three days prior to trial violated the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the constitution of Connecticut.[8]

We note that the defendant is not challenging the trial court's exercise of discretion in determining that certain records were not material to the defendant's impeachment of the victim. Rather, he is challenging the constitutionality of the in camera review procedure. Both our Supreme Court and this court have addressed this issue and balanced the competing interests of the victim's privacy and the defendant's constitutional right to confrontation. Both courts have held that an in camera review of privileged records does not violate a defendant's constitutional rights. See *State* v. *Harris*, 227 Conn. 751, 631 A.2d 309 (1993); *State* v. *Hufford*, 205 Conn. 386, 533 A.2d 866 (1987); *State* v. *Esposito*, 192 Conn. 166, 471 A.2d 949 (1984); *State* v. *Leonard*, 31 Conn. App. 178, 623 A.2d 1052 (1993). We, therefore, reject the defendant's claim that he is entitled to review the records.[9]

---

[8] See footnote 5.

[9] Although the defendant is correct in stating that in *Commonwealth* v. *Stockhammer*, 409 Mass. 867, 570 N.E.2d 992 (1991), the Massachusetts Supreme Judicial Court held that the Massachusetts state constitution requires that counsel be given full access to the privileged records, we are not bound by the precedent of a sister state. *Stamford Ridgeway Associates* v. *Board of Representatives*, 214 Conn. 407, 433, 572 A.2d 951 (1990); *Red Hill Coalition, Inc.* v. *Town Plan & Zoning Commission*, 212 Conn. 727, 737 n.8, 563 A.2d 1347 (1989).

The defendant also claims that the trial court's release of the pertinent parts of the privileged records forty-three days prior to the commencement of the trial violated his constitutional rights under the sixth and fourteenth amendments to the United States constitution.[10] Because the records were disclosed to the defendant, he can complain only of the timing of the disclosure. Under these circumstances, the defendant has the burden of proving that he was prejudiced by such timing. *State* v. *Walker*, 214 Conn. 122, 126–27, 571 A.2d 686 (1990). He has failed to do so.

The defendant does not cite any specific ways in which his trial preparation was hindered by the timing of the disclosure. In addition, we note that the defendant did not seek a continuance from the trial court. " 'On this record, the defendant's claims of prejudice are purely speculative and cannot furnish a basis for the reversal of his conviction.' " Id., 128.

### III

The defendant also claims that the trial court improperly admitted evidence of a prior sexual assault that he had committed against the victim. He argues that the evidence should not have been admitted because any probative value of the evidence was outweighed by its highly prejudicial nature. At trial, the victim was allowed to testify that on February 12, 1991, the defendant kissed her, put his hand down the front of her pants and rubbed her vagina. This evidence of a prior sexual assault was admissible only to show the defendant's sexual interest in the victim and hence his motive for the subsequent assault.

The basic principle that governs this issue is well established in Connecticut. Evidence of prior miscon-

---

[10] See footnote 5.

duct, although inadmissible to prove bad character or propensity to commit the crime, is admissible to prove motive if a two part test is satisfied: "(1) [the evidence] must be relevant and material, and (2) its probative value must outweigh its prejudicial effect." *State* v. *Jenkins*, 24 Conn. App. 330, 335, 588 A.2d 648, cert. denied, 219 Conn. 903, 593 A.2d 132 (1991). In *State* v. *James*, 211 Conn. 555, 560 A.2d 426 (1989), our Supreme Court held that evidence of prior sexual misconduct perpetrated by the defendant on the same victim was relevant and material to showing motive. "That the defendant had a particular sexual interest in [the victim] is certainly relevant to his motivation to commit the crime charged." Id., 578. Therefore, the victim's testimony that the defendant had previously committed sexual acts toward her was relevant and material.

In determining whether the trial court properly held that the probative value of the evidence outweighed the prejudicial effect, we apply a deferential standard of review. "Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *Jenkins*, supra, 24 Conn. App. 337. We conclude that the trial court did not abuse its discretion in determining that the probative value of the evidence outweighed its prejudicial effect.

The defendant claims that the evidence was unfairly prejudicial because it was likely to arouse the jury's emotions, hostility or sympathy. While it is true "that relevant evidence that is potentially prejudicial should be excluded . . . 'where the facts offered may unduly arouse the jury's emotions, hostility or sympathy' "; id., 337; the defendant fails to persuade us that the evidence in question so aroused the jury's emotions as to be inadmissible. "Prejudice is not measured by the significance of the evidence which is relevant but by the

impact of that which is extraneous. . . . All adverse evidence is damaging to one's case, but it is inadmissible only if it creates undue prejudice so that it threatens an injustice were it to be admitted. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Zoravali*, 34 Conn. App. 428, 435, 641 A.2d 796, cert. denied, 230 Conn. 906, 644 A.2d 921 (1994). Furthermore, the court minimized any prejudicial effect of the evidence by instructing the jury that the evidence was admissible only to show the defendant's motive.

## IV

Finally, the defendant claims that his conviction of two counts of first degree sexual assault in violation of § 53a-70 (a) (2) as well as two counts of second degree sexual assault in violation of § 53a-71 (a) (1) violated his federal constitutional right against double jeopardy.[11] We find no such violation.

To avail himself of the protections guaranteed by the double jeopardy clause, a defendant must first show that a violation occurred. It is undisputed that the defendant's claim that his convictions for both first degree sexual assault and second degree sexual assault implicates the constitutional protection "against multiple punishments for the same offense [in a single trial]. . . ."[12] (Citation omitted; internal quotation marks omitted.) *State* v. *Chicano*, 216 Conn. 699, 706, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991). No violation

[11] The defendant neither raised nor briefed a state constitutional claim.

[12] The state concedes in its brief that first and second degree sexual assaults are greater and lesser included offenses, because the same acts constitute violations of distinct statutory provisions and neither provision requires proof of a fact that the other does not. *State* v. *Chicano*, 216 Conn. 699, 707, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991).

occurred here because the defendant, while having been charged and convicted of both first and second degree sexual assault, was *not* punished separately for both crimes.

In *Chicano*, our Supreme Court held that when a defendant is convicted of both a greater and a lesser included offense, the proper remedy is to combine the convictions of the lesser offense and the greater offense and to vacate the sentence for the lesser offense. Vacatur of both the conviction and the sentence on the lesser offense is not required. Id., 725. In this case, the trial court did not sentence the defendant for the two counts of second degree sexual assault but, rather, properly combined the two counts of second degree sexual assault with the two counts of first degree sexual assault, and sentenced the defendant accordingly. There is, therefore, no double jeopardy violation from which the defendant is entitled to relief.

The judgment is affirmed.

In this opinion the other judges concurred.