[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner (hereafter "Larkin") was convicted of two counts of sexual assault in the first degree; two counts of sexual assault in the second degree; one count of sexual assault in the fourth degree and one count of risk of injury to a minor in violation of sections 53a-70 (a)(2), 53a-71 (a)(1),53a-73a(a)(1) and 53-21, respectively, of the General Statutes. The effective sentence imposed by the trial court (Potter, J.) was five years, the execution of which was to be suspended after he had served three years and he was thereafter placed on probation for a period of five years. The petitioner appealed that conviction to the Appellate Court which affirmed the judgment of the trial court in State v. Larkin, 38 Conn. App. 125, CT Page 8182659 A.2d 1211 (1995), cert. denied, 235 Conn. 903.
In that appeal, his first claim was that the late disclosure of the victim's diary and the material and information contained therein prevented him from adequately preparing his defense; was repugnant to his rights of confrontation and due process; and deprived him of a fair trial. His second claim in the appeal was that the trial court improperly refused to make all of the victim's medical and psychiatric records available to the defense. He argued that he was entitled to review the records in their entirety because they all went to the victim's mental and physical state, as well as her motive, bias and credibility. He continued by asserting that an in camera review of the records did not adequately protect his right to prepare for his defense. He suggests in this proceeding that this court establish a procedure whereby defense counsel in this state would initially review all such records to determine what is exculpatory and what is material. He reassesses and embellishes that claim by asserting that the release of the selected parts by the trial court forty-five (45) days before the trial did not give him adequate time to prepare his defense. These two issues closely parallel an issue he would seek to raise in the instant hearing.
The significance of the foregoing paragraphs becomes immediately evident when one realizes he attempted to successfully persuade this court that it had jurisdiction to review the rulings on law of the trial court and the motions court with respect to so much of those documents which those courts examined in camera and, subsequently, ordered provided or released to defense counsel. A review of the coordinate courts' decisions in this case, as well as this court's review of appellate rulings transcends the limits of this court's function, not to mention this court's philosophy.
This declination to review those rulings draws support from long-standing practice and is further bolstered by the doctrine of collateral estoppel, which is based upon the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. Commissioner of MotorVehicles v. DeMilo Co., 233 Conn. 254, 267; see also Carothersv. Capozziello, 215 Conn. 82, 94. Certainly this is the case in this instance in the trial court, as well as the appellate court both he had that opportunity.
In addressing the petitioner's arguments in support of his CT Page 8183 application, the court will follow the numerical sequence of his brief. His first argument focuses upon what he claims was the ineffective assistance of counsel. To prevail upon that claim, a petitioner is required to demonstrate that counsel's conduct was deficient and that he sustained actual prejudice. Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, reh. denied, 467 U.S. 1267;Commissioner of Correction v. Rodriquez, 222 Conn. 469,478. A petitioner is required to show that counsel's performance fell below an objective standard of reasonableness and that the error is so serious that counsel was not functioning as "counsel" as guaranteed by the sixth amendment. The petitioner is not entitled to error-free representation, only representation falling within the wide range of competence demanded of attorneys in criminal cases. Commissioner of Correction v. Rodriquez, supra. The constitutional guarantee of effective assistance of counsel does not ensure that every conceivable constitutional claim will be recognized and asserted. It does not guarantee the assistance of an attorney who will make no mistakes; reasonably professional representation does not mean perfect representation.Giannotti v. Warden, 26 Conn. App. 125, 130; Ostolaza v. Warden,26 Conn. App. 758, 775.
A habeas court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Quintana v. Warden, 220 Conn. 1, 5. The applicant must overcome a second presumption that under the circumstances the challenged action might be considered sound trial strategy. Magnotti v. Meachum, 22 Conn. App. 669, 674; quoting Levine v. Manson, 195 Conn. 636, 639. Every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. Levine v. Manson, supra, 640. The petitioner must demonstrate prejudice to prevail on this claim. United States v.Reincke, 383 F.2d 129, 135 n. 4 (2d Cir. 1967).
To demonstrate prejudice, the petitioner must show that the alleged errors burdened him with an unreliable conviction. Evansv. Commissioner of Correction, 37 Conn. App. 672, 680. He must demonstrate a miscarriage of justice or other prejudice, not merely an error which would entitle him to relief on appeal.Bunkley v. Commissioner of Correction, 222 Conn. 444, 461. He must establish a probability sufficient to undermine confidence in the outcome of the trial. Rodriquez v. Commissioner ofCorrection, 35 Conn. App. 527, 534. The petitioner was CT Page 8184 represented in the trial by Attorney Frederick Busconi of the Massachusetts bar, unlicensed to practice in Connecticut but licensed to practice in the Commonwealth of Massachusetts. He purportedly had extensive experience in trying criminal charges including those such as the instant offenses. The defendant, as a result of prior representation by Busconi, specifically requested that he represent him at the trial and on the appeal. Attorney Busconi was sponsored initially by Attorney Christopher Pfirrman of Bridgeport under Sec. 24 of the Practice Book. However, apparently before that motion was heard, Attorney Pfirrman prevailed upon Attorney Ann P. Phillips, also of Bridgeport, to sponsor Attorney Busconi. The motion for his admission pro haec vice was granted and Attorney Phillips was indeed the sponsoring attorney. Her testimony indicates that she had no criminal experience, had no understanding of the fundamentals of trial practice and was merely a figurehead for Mr. Busconi who told her that she was not to participate in the trial, but merely in effect to "sit there." This is a practice which is not unheard of in many "pro haec vice" cases.
The petitioner seizes upon this scenario arguing that Attorney Phillips' lack of knowledge and participation in this trial fell short of satisfying her obligations under Sec. 24. He cites to Johnson v. Commissioner, 218 Conn. 403, 424; in support of his position under Sec. 24 of the Practice Book. In a less than subtle fashion, he suggests that her shortcomings and docile acceptance of Busconi's direction constitutes ineffective assistance of counsel. The argument is novel but hardly persuasive. It appears that the petitioner misreads Sec. 24 of the Practice Book by recognizing imaginary mandates therein which are hardly expressed or inferred. Sponsoring counsel's obligation is contained in subsection (2) of Sec. 24 and provides that "a member of the bar of this state must be present at all proceedings and must sign all pleadings, briefs and other papers filed with the court and assume full responsibility for them and for the conduct of the cause and of the attorney to whom such privilege is accorded." In an ideal world, the sponsoring counsel is fairly familiar with the law which is the subject matter of the litigation for which the appearance pro haec vice was permitted and would actively assume the adversarial participation in the matter. However, this is not an ideal world and this is not the requirement of the Practice Book upon which counsel erroneously relies.
The petitioner emphasized trial counsel's lack of knowledge CT Page 8185 of the rules of Connecticut evidence and, specifically, devotes much of his argument to the missing witness rule set forth inSecondino v. New Haven Gas Co., 147 Conn. 672. He also scolds Attorney Phillips for her admitted lack of knowledge of the procedure including the limitations of the Secondino rule. It is somewhat significant to note that Busconi and the petitioner himself did not testify on either day of these proceedings. There is no evidence that Busconi did not know of such a rule and that his failure to assert it was something other than trial strategy. To reiterate, the constitutional requirement of effective assistance of counsel does not ensure that every conceivable constitutional claim will be recognized and asserted. Nor does it guarantee the assistance of an attorney who will make no mistakes; reasonable professional representation does not mean perfect representation. Ostolaza v. Warden, 26 Conn. App. 758,775, cert. denied, 222 Conn. 906 (1992). In this instance, the presumption from the evidence heard by the court that the challenged action might well be considered trial strategy has not been overcome by the petitioner. Magnotti v. Meachum, supra.
The petitioner next asserts the misconduct of the state's attorney consisting of (1) improper questioning by the state's attorney on his presence in the court throughout the trial; (2) his improper comment on the petitioner's presence during the closing argument; (3) the improper argument that the petitioner failed to call witnesses; (4) the improper argument on the credibility of the complaining witnesses of the petitioner; and (5) they improperly argued that the petitioner through his counsel acted improperly in his cross-examination of the victim. The bulk of this argument is brought into focus by his reliance upon the claim of State v. Cassidy, 236 Conn. 112; which for all intents and purposes addressed all or most of these particular claims. He argues that Cassidy should be applied retroactively and, thereby, results in the court's finding that the misconduct of the state's attorneys was highly prejudicial and violated the rule of fundamental fairness. At the time of trial, the only court that held specific comments such as those made by the state's attorney and ruled upon in Cassidy were improper. Dysonv. United States, 418 A.2d 127 (D.C.App. 1980).
His position might well be correct if the holding in Teaguev. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334, reh. denied, 490 U.S. 1031, 109 S.Ct. 1771, 104 L.Ed.2d 206 (1989); were applicable. This court would certainly agree that his reliance on this case was correct were this case still on direct CT Page 8186 review. That direct review has been concluded and he is now left with his only means of attack which is a collateral assault. New constitutional rules of criminal procedure will not be announced or applied to cases that are on collateral review. Johnson v.Warden, 218 Conn. 791, 797. This reliance upon Teague is therefore, inapposite.
A review of the transcripts does not support the claim of ineffective assistance of counsel. His cross-examination of the victim and principal witness consumed nearly two and one-half days. The fact that he may not have phrased questions as the petitioner might or with the petitioner's style hardly establishes ineffective assistance. His attack upon her credibility in cross-examination was detailed, lengthy and, in the opinion of this court, more than adequate.
The petitioner also raises the claim that defense counsel did not utilize information that was available to him with respect to the victim's psychiatric history records. He subsequently discovered that said information was never available to Busconi. The reviewing court did not order that such material be delivered or disclosed to counsel. Consequently, this argument is completely without merit and was not pursued.
The petitioner's counsel on the petition for this writ of habeas corpus has provided the petitioner with excellent representation. He has attacked the prior representation with every available or imaginable theory at his command and while the representation was excellent, and while the attack upon counsel's abilities was creative, animated and, in many respects, quite unique, he simply did not have the substance to support the claims of error which he advanced on behalf of his client.
The petition for a writ of habeas corpus is, accordingly, dismissed.
Moraghan, J.