SCOTT LARKIN *v.* COMMISSIONER OF CORRECTION
(AC 16570)

O'Connell, Landau and Hennessy, Js.

Argued April 24—officially released July 22, 1997

*John K. McDonald,* for the appellant (petitioner).

*Vincent J. Dooley,* assistant state's attorney, with whom, on the brief, were *Mark S. Solak,* state's attorney, and *Mark A. Stabile,* assistant state's attorney, for the appellee (respondent).

*Opinion*

HENNESSY, J. The petitioner, Scott Larkin, was convicted of two counts of sexual assault in the second degree, one count of sexual assault in the fourth degree and one count of risk of injury to a child. The petitioner appealed that conviction to this court. We affirmed the judgment of the trial court. *State* v. *Larkin,* 38 Conn. App. 125, 659 A.2d 1211, cert. denied, 235 Conn. 903, 665 A.2d 904 (1995). The petitioner thereafter filed a petition for a writ of habeas corpus, which, after a hearing, was dismissed by the habeas court. The petitioner then filed a request for certification of appeal by this court, which was also denied. This appeal followed.

On appeal, the petitioner claims that the habeas court abused its discretion in denying his petition for certification of appeal by improperly (1) denying his request to review the victim's medical and psychological records, (2) finding that *State* v. *Cassidy,* 236 Conn. 112, 672

A.2d 899, cert. denied, 519 U.S. 910, 117 S. Ct. 273, 136 L. Ed. 2d 196 (1996), did not apply retroactively and (3) concluding that the petitioner had effective assistance of counsel.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. Id. Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. Id.

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Id., 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991)." (Emphasis in original; internal quotation marks omitted.) *Tatem* v. *Commissioner of Correction*, 39 Conn. App. 813, 815–16, 667 A.2d 1295 (1995), cert. denied, 236 Conn. 904, 670 A.2d 1305 (1996). We now apply this standard of review to each of the petitioner's claims.

I

The petitioner first claims that the habeas court abused its discretion in refusing to review the victim's medical and psychological records and to allow him to amend his petition. We disagree.

The following facts pertain to this issue. During the original trial, the court reviewed the victim's medical

and psychological records in camera. The court gave certain of these records to the defendant and sealed others for appellate review. Sometime prior to filing his petition for habeas corpus, the petitioner gained access to the sealed portion of the victim's records.[1] The records contained a statement that the victim had seen and conversed with her dead grandfather. During the course of the hearing, the petitioner discovered that the records containing the victim's statement were not disclosed to the defense at trial. He then sought to amend his petition to add the allegation that the trial court had failed to turn over this exculpatory information to him. The habeas court denied his request. The petitioner also sought to have the habeas court reexamine all of the victim's records to make an independent determination as to what information the trial court should have disclosed. The habeas court refused to do so.

The petitioner claims that, if the habeas court had reviewed the records, it could have determined whether either the trial court had improperly failed to disclose exculpatory information to the defense or the state had improperly failed to turn over the information to the trial court for its review. Moreover, he argues that, had these records been available to him at trial, he could have attacked the credibility of the victim and used it to impeach the state's expert witness who testified that the victim could distinguish reality from fantasy. The petitioner, therefore, maintains that the habeas court abused its discretion in not reviewing the records or allowing him to amend his petition to add this issue. The habeas court denied his requests because it found that the petitioner could have pursued the issue concerning access to the victim's records on appeal. We

---

[1] It is not clear from the record how the petitioner gained access to the sealed psychiatric records for his habeas hearing.

conclude that the petitioner failed to establish that the habeas court abused its discretion.

"The appropriate standard for reviewability of a constitutional claim not raised before sentencing or on direct appeal is the *Wainwright*[2] 'cause and prejudice' standard. *Jackson* v. *Commissioner of Correction*, 227 Conn. 124, 133–34, 136, 629 A.2d 413 (1993); *Johnson* v. *Commissioner*, 218 Conn. 403, 412–13, 589 A.2d 1214 (1991); *Bowers* v. *Commissioner of Correction*, [33 Conn. App. 449, 451, 636 A.2d 388, cert. denied, 228 Conn. 929, 640 A.2d 115 (1994)]. 'The petitioner must show good cause for his failure to preserve a claim at trial and actual prejudice resulting from the alleged constitutional violation.' *Daniels* v. *Warden*, 28 Conn. App. 64, 71, 609 A.2d 1052, cert. denied, 224 Conn. 924, 614 A.2d 820 (1992)." *Baez* v. *Commissioner of Correction*, 34 Conn. App. 236, 239–40, 641 A.2d 147, cert. denied, 231 Conn. 905, 648 A.2d 148 (1994).

Here, the petitioner failed to offer any evidence explaining why he did not previously challenge the trial court's determination that certain records were not material to the impeachment of the victim by requesting the Appellate Court to review the sealed records. The petitioner also failed to demonstrate adequately that he was prejudiced by his lack of access to the records. The habeas court properly denied the petitioner's requests.

II

The petitioner next claims that the habeas court improperly determined that the holding in *State* v. *Cassidy*, supra, 236 Conn. 112, did not apply retroactively. We disagree with the petitioner.

The petitioner alleges that the state violated his constitutional right to due process by remarks made during its cross-examination of the petitioner and its closing

---

[2] *Wainwright* v. *Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).

argument. In *Cassidy*, the court held that the prosecutor's argument invited the jury to draw an inference adverse to the defendant solely because he asserted his constitutional right to be present at trial. The prosecutor had argued to the jury that the defendant, because he was present throughout the trial, was able to tailor his testimony to that of the state's witnesses. Id., 120. In this case, because the prosecutor cross-examined the petitioner regarding his presence in court and made similar comments in closing argument, the petitioner claimed in his habeas petition that he was entitled to a new trial.

In reviewing this claim, the habeas court noted that direct review had been completed and that the petitioner was attempting collaterally to attack his conviction on the basis of the holding in *Cassidy*. Relying on *Johnson* v. *Warden*, 218 Conn. 791, 796, 591 A.2d 407 (1991), the habeas court held that the holding in *Cassidy* did not apply because new constitutional rules of criminal procedure cannot be announced or applied to cases that are on collateral review.

The petitioner urges this court to apply the criteria set forth in *Stovall* v. *Deno*, 388 U.S. 293, 297, 87 S. Ct. 1967, 18 L. Ed. 2d 1199 (1967), to determine the retroactivity of a rule.[3] We decline to do so and agree with the habeas court that the rule announced in *Cassidy* should not be applied retroactively to cases on collateral review.

In *Teague* v. *Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), the United States Supreme Court abandoned the criteria applied in *Stovall* for cases on

---

[3] "The criteria guiding resolution of the question [of the retroactivity of the rule] implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." *Stovall* v. *Deno*, supra, 388 U.S. 297.

collateral review. It held that, for such cases, new rules generally should not be applied retroactively. Id., 310; see also *Johnson* v. *Warden*, supra, 218 Conn. 797, citing the holding of *Teague*. It also identified two exceptions to this general rule of nonretroactivity: (1) if the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or (2) if the new rule requires the observance of those procedures that are implicit in the concept of ordered liberty. *Teague* v. *Lane*, supra, 307. In the present case, the petitioner has failed to demonstrate that the rule announced in *Cassidy* falls within one of these exceptions. The habeas court, therefore, properly declined to apply *Cassidy* retroactively.

## III

The petitioner next claims that the habeas court abused its discretion in concluding that the petitioner had effective assistance of counsel. Prior to trial, the trial court granted the petitioner's motion pro hac vice, allowing Attorney Frederick Busconi, a member of the Massachusetts bar, to represent him. In compliance with Practice Book § 24, Busconi was "sponsored" by local counsel.[4] The petitioner argued at the habeas hear-

[4] Practice Book § 24 provides: "An attorney who is in good standing at the bar of another state, the District of Columbia, or the commonwealth of Puerto Rico, may, upon special and infrequent occasion and for good cause shown upon written application presented by a member of the bar of this state, be permitted in the discretion of the court to participate to such extent as the court may prescribe in the presentation of a cause or appeal in any court of this state; provided, however, that (1) such application shall be accompanied by the affidavit of the applicant certifying whether such applicant has a grievance pending against him or her, has ever been reprimanded, suspended, placed on inactive status, disbarred, or has ever resigned from the practice of law and, if so, setting forth the circumstances concerning such action and (2) a member of the bar of this state must be present at all proceedings and must sign all pleadings, briefs and other papers filed with the court and assume full responsibility for them and for the conduct of the cause and of the attorney to whom such privilege is accorded. Where feasible, the application shall be made to the judge before whom such cause is likely to be tried. Good cause for according such privilege shall be limited

ing that the local counsel's lack of experience and failure to participate in the proceedings contributed to depriving him of effective assistance of counsel. We disagree.

"The sixth amendment of the federal constitution requires that 'the accused shall enjoy the right . . . to have the assistance of counsel for his [defense]' in all criminal prosecutions." *State* v. *Barber*, 173 Conn. 153, 155, 376 A.2d 1108 (1977). "The right to counsel means the right to the conscientious services of competent counsel." Id.

"In an appeal from the denial of a habeas writ, the burden imposed upon the petitioner is higher than that imposed on him in a direct appeal. In order to succeed in a claim of ineffective assistance of counsel, the petitioner must prove: (1) that his counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) that this lack of competence contributed so significantly to his conviction as to have deprived him of a fair trial. *Valeriano* v. *Bronson*, 209 Conn. 75, 85–86, 546 A.2d 1380 (1988); see also *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A reviewing court can find against the petitioner on whichever ground is easier. *Valeriano* v. *Bronson*, supra [85–86]; *Nardini* v. *Manson*, 207 Conn. 118, 124, 540 A.2d 69 (1988)." (Internal quotation marks omitted.) *Magnotti* v. *Meachum*, 22 Conn. App. 669, 674, 579 A.2d 553 (1990).

---

to facts or circumstances affecting the personal or financial welfare of the client and not the attorney. Such facts may include a showing that by reason of a longstanding attorney-client relationship predating the cause of action or subject matter of the litigation at bar, the attorney has acquired a specialized skill or knowledge with respect to the client's affairs important to the trial of the cause, or that the litigant is unable to secure the services of Connecticut counsel."

The petitioner maintains that local counsel's lack of basic knowledge of Connecticut criminal law and Connecticut trial practice and her failure to participate in the defense of the client resulted in the denial of effective assistance of counsel. We are not persuaded that the rules of practice set forth such requirements for local counsel;[5] however, the petitioner must also demonstrate that local counsel's alleged lack of competence deprived him of a fair trial. We conclude that the petitioner has failed to meet this burden.

The petitioner has not presented this court with any evidence that he was prejudiced by local counsel's alleged incompetence. Specifically, there is no support in the record that Busconi, the petitioner's chosen trial and appellate counsel, did not have adequate knowledge of Connecticut criminal law and, therefore, had to rely on local counsel. The habeas court found that Busconi's representation was more than adequate. In the absence of such evidence, we cannot conclude that local counsel's performance deprived the petitioner of a fair trial.

We now turn to the gravamen of the petitioner's complaint that Busconi rendered ineffective assistance in the conduct of his representation, thereby depriving him of a fair trial. The facts in this case as recited in *State* v. *Larkin*, supra, 38 Conn. App. 127, are as follows. "On April 5, 1991, the defendant, a twenty year old male, met the victim, a twelve year old girl, at a highway picnic area across the street from the victim's house.

---

[5] The petitioner urges this court to adopt the standard set forth in *Dorador* v. *Wyoming*, 573 P.2d 839 (Wyo. 1978), which requires that local counsel take an active part in the representation of the client. The petitioner, however, misreads the requirement set forth in this case. The Wyoming Supreme Court ruled that local counsel should "be something more than a matter of form or protocol; it is not intended that he be only a figurehead. It is expected that he take an active part in the representation of the client concerned . . . *in the absence of out of state counsel.*" (Emphasis added.) Id., 841.

He gave the victim a beer and drove her to a wooded area where they engaged in sexual intercourse and other sexual acts. The victim told several people about her sexual encounter with the defendant, all of whom testified at trial. The victim's parents, upon learning about the incident from reading the victim's diary, reported the incident to the state police."

"In reviewing the claim [of ineffective assistance of counsel], this court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under these circumstances, the challenged action might be considered sound trial strategy. *Levine* v. *Manson*, [195 Conn. 636, 640, 490 A.2d 82 (1985)]; see also *Chace* v. *Bronson*, 19 Conn. App. 674, 678, 564 A.2d 303, cert. denied, 213 Conn. 801, 567 A.2d 832 (1989). In assessing the petitioner's claim, this court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Strickland* v. *Washington*, supra [466 U.S.] 689. *Levine* v. *Manson*, supra [640]; see also *Valeriano* v. *Bronson*, supra, [209 Conn.] 87." (Internal quotation marks omitted.) *Magnotti* v. *Meachum*, supra, 22 Conn. App. 674–75.

In this case, the petitioner claimed at his habeas hearing that his trial attorney lacked knowledge of the rules of evidence. As an example, he cited the fact that Busconi did not object to the prosecutor's improperly commenting on the defense's failure to call the petitioner's brother and others as defense witnesses. The petitioner avers that if his attorney had been familiar with the rule in *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 165 A.2d 598 (1960),[6] those comments would have

---

[6] The rule set forth in *Secondino* provides: "The failure of a party to produce a witness who is within his power to produce, and who would

been stricken from the record and a cautionary instruction would have been given. The habeas court noted that neither the petitioner nor Busconi testified at the habeas hearing and, as a result, the habeas court had no evidence before it that the attorney did not know the rule or that his failure to assert it was something other than trial strategy. We agree with the habeas court.

The petitioner also argued that Busconi rendered inadequate representation in that he failed to take any action regarding the prosecutor's statements that the petitioner's presence in the courtroom during the trial allowed him to tailor his testimony, in violation of the holding in *State* v. *Cassidy*, supra, 236 Conn. 112. At the time of the petitioner's original trial, however, *Cassidy* had not been decided. His attorney, therefore, can hardly be held accountable for ignoring a ruling not yet made.

The petitioner additionally claimed that his attorney made errors of omission and commission regarding other evidentiary matters. After a careful review of the record and transcripts, we agree with the habeas court that the performance of the petitioner's trial counsel did not fall below the standard of reasonable competence.

The petitioner has failed to demonstrate that the habeas court abused its discretion in resolving the issues raised in his petition. We, therefore, conclude that the habeas court did not abuse its discretion in denying the petitioner's certification to appeal the dismissal of his petition for habeas corpus.

The appeal is dismissed.

In this opinion the other judges concurred.

---

naturally have been produced by him, permits an inference that the evidence of the witness would have been unfavorable to the party's cause." *Secondino* v. *New Haven Gas Co.*, supra, 147 Conn. 675.