## RICHARD E. PROVOST, JR. *v.* COMMISSIONER OF CORRECTION

Superior Court, Judicial District of Hartford—File No. CV 00-0802785S

Memorandum filed February 21, 2003

*Shipman & Goodwin,* for the petitioner.

*James E. Thomas,* state's attorney, and *Rosita M. Creamer,* senior assistant state's attorney, for the respondent.

*Annette V. Willis,* guardian ad litem, for the minor child.

## INTRODUCTION

HON. RICHARD M. RITTENBAND, JUDGE TRIAL REFEREE. This is a habeas corpus petition in five counts brought on or about October 18, 2000. Richard E. Provost, Jr., the petitioner, claims in count one, ineffective assistance of counsel; in count two, failure to disclose exculpatory evidence; in count three, prosecutorial misconduct; in count four, newly discovered evidence; and, in count five, actual innocence. The petitioner, in the underlying criminal case, was charged with sexual assault in the first degree and risk of injury to a minor. After trial to a jury in late 1995, the petitioner was convicted on both counts. On January 12, 1996, the court entered judgment, sentencing the petitioner to seven years on each count, the sentences to be served concurrently. The primary basis of the state's case was the testimony of the victim.

## DISCUSSION

The petitioner made a motion for discovery and a motion and an offer of proof for in camera review and voire dire on which a hearing was held before this court on November 21, 2002. At that hearing, this court

ordered that the victim's department of children and families (DCF) file be produced to the court for in camera review. The court then subpoenaed the DCF records which are in possession of the court, but which the court has not yet reviewed. The purpose of the in camera review was to determine whether there is any exculpatory material in the aforementioned DCF files that could have assisted the petitioner in his criminal trial and which could form the basis for his various claims in the present habeas case. It is material that the court believes should be reviewed for compliance with *Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). The court further based its order on the petitioner's due process rights under the fourteenth amendment to the United States constitution and the petitioner's right to confront witnesses against him under the sixth amendment to the United States constitution. During that hearing, it became clear that the victim did not consent to the release to the court for in camera inspection of those records.

Based upon the petitioner's rights under the sixth and fourteenth amendments to the United States constitution as well as his right to exculpatory material under *Brady*, however, the court proceeded to issue its order, well aware that the victim did not consent. This order is also based in part upon *State* v. *Leduc*, 40 Conn. App. 233, 243, 670 A.2d 1309 (1996), which states in pertinent part: "The language of the statutes and the case law noted in this opinion lead us to the conclusion that *a trial court may conduct an in camera inspection of DCF records and release portions of the records in appropriate circumstances. The statute does not prohibit the disclosure of the records under any circumstances, absent the victim's consent.*" (Emphasis added.)

Attorney Annette V. Willis was appointed to represent the victim in this matter. Willis then filed the present

"Motion for Reargument and/or Motion Objecting to Judge's In Camera Review of DCF Records Without First Obtaining Victim's Consent" dated December 26, 2002. Her claim is that the DCF records are privileged under General Statutes § 17a-28 and cannot be revealed to anyone without the victim's consent.

On February 6, 2003, the court heard oral argument from Willis and attorney Morgan Rueckert representing the petitioner.

The victim's attorney claimed, inter alia, that *Leduc* does not apply because it is a criminal prosecution and not a civil action which the present habeas action is. The court finds this reasoning flawed. Although habeas matters are technically civil matters, for all practical purposes they amount to a criminal action. Although the petitioner does not have to prove his innocence or ineffective assistance of counsel, or things of that nature beyond a reasonable doubt, the similarities are obvious. The petitioner is a man claiming that he is actually innocent of the criminal charges for which he was convicted, that his attorney was ineffective at the criminal trial and that there was prosecutorial misconduct and failure to disclose exculpatory evidence at the time of the criminal trial. The other similarity is that the liberty of the petitioner is at stake here, just as it was in the criminal trial. Accordingly, this court has no problem in following the ruling in *Leduc*. It should be noted that our Appellate Court in *Leduc* reviewed the language of § 17a-28 and existing case law and found that the statutory privilege to which the victim's counsel refers is qualified, thereby allowing an in camera inspection for exculpatory material. The only case offered by the victim's attorney is *Larkin* v. *Commissioner of Correction*, 45 Conn. App. 809, 699 A.2d 207 (1997). *Larkin*, however, is distinguishable from the present case. The denial of the petitioner's claim in *Larkin* is that: "Here, the petitioner failed to offer any evidence

explaining why he did not previously challenge the trial court's determination that certain records were not material to the impeachment of the victim by requesting the Appellate Court to review the sealed records. The petitioner also failed to demonstrate adequately that he was prejudiced by his lack of access to the records. The habeas court properly denied the petitioner's requests." Id., 813.

*Larkin* further states: "The appropriate standard for reviewability of a constitutional claim not raised before sentencing or on direct appeal is the [*Wainwright* v. *Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977)] cause and prejudice standard. *Jackson* v. *Commissioner of Correction*, 277 Conn. 124, 133–34, 136, 629 A.2d 413 (1993); *Johnson* v. *Commissioner*, 218 Conn. 403, 412–13, 589 A.2d 1214 (1991); *Bowers* v. *Commissioner of Correction*, [33 Conn. App. 449, 451, 636 A.2d 388, cert. denied, 228 Conn. 929, 640 A.2d 115 (1994)]. The petitioner must show good cause for his failure to preserve a claim at trial and actual prejudice resulting from the alleged constitutional violation." (Internal quotation marks omitted.) *Larkin* v. *Commissioner of Correction*, supra, 45 Conn. App. 813.

In the present case, there is clearly a cause and prejudice. It is undisputed that all of the DCF records in the present case were not turned over to the trial court or the defense attorney. The petitioner's counsel has provided, at the court's order, two documents totaling three pages which are the complete set of DCF documents that were provided to the petitioner at his trial and/or reviewed by the trial court. No other DCF documents were disclosed to the petitioner or provided to the trial court for in camera review. The petitioner's attorney has also furnished the exhibit list from the criminal trial. The exhibit record shows only a department of youth services report of neglect which was only marked for identification. Moreover, the subpoenaed records are a stack of records, voluminous in nature,

that far exceed the three pages that were presented to the trial court and defense counsel. Accordingly, it is clear that all potentially exculpatory material, namely *all* of the DCF records concerning the victim were not turned over to the court or to defense counsel. This is the cause, namely the failure to provide potentially exculpatory material to be reviewed in camera, and if there is exculpatory material in the remaining documents, which can only be determined by an in camera inspection, the petitioner's prejudice is that he was not able to use these documents for impeachment purposes at trial, and unless this court reviews these records in camera, he will not be able to utilize what is potentially exculpatory material in the habeas trial. As for the failure to preserve this on appeal, it was impossible for trial counsel to preserve it because trial counsel was never informed of this other material. Possibly trial counsel should have made stronger efforts to obtain the DCF records for in camera review, and if he did not, that could conceivably support an ineffective assistance of counsel claim. *Larkin* is inapposite to the present case because in *Larkin*, there was no failure to turn over the victim's medical and psychological records to the trial court for in camera review. In the present case, the records were withheld without the knowledge of trial counsel so he would have no reason to appeal the failure to turn over all the DCF records in the present case to the trial court for in camera review. Defense counsel in the present case could not have requested the Appellate Court to review the sealed records because all of the records were not turned over and he was not aware of their existence.

It should also be noted that *Larkin* is a habeas case, and one of the questions was whether the habeas court *abused its discretion* in refusing to review the victim's medical and psychological records. Id. This query shows that, in *Larkin*, the Appellate Court determined that the habeas court does have discretion as to

whether or not to review the victim's records. If anything, *Larkin* supports this court's order to turn over the DCF records for in camera review rather than being contrary to this court's order.

## CONCLUSION

This court did grant reargument, which was held on February 6, 2003. For all of the foregoing reasons, however, the victim's objection dated December 26, 2002, is overruled. The orders of the court previously rendered remain in full force and effect.