## LANCE BOWERS *v.* COMMISSIONER OF CORRECTION (11937)

O'CONNELL, LAVERY and HEIMAN, Js.

Argued November 1, 1993—decision released January 25, 1994

*Denise Ansell,* special public defender, for the appellant (petitioner).

*David J. Sheldon,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Christopher Alexy,* assistant state's attorney, for the appellee (respondent).

LAVERY, J. The petitioner appeals from the denial of his petition for a writ of habeas corpus. He claims that the habeas court improperly determined that (1) the petitioner's guilty plea was valid and made knowingly and voluntarily, and (2) the petitioner received effective assistance of counsel. We affirm the judgment of the habeas court.

The relevant facts are undisputed. On February 14, 1984, after having been refused entry into the house of his estranged girlfriend's parents several times, the petitioner returned with his cousin. The petitioner carried a pistol, his cousin carried a rifle and they both wore stocking masks. After kicking in the front door, the petitioner shot his girlfriend's stepfather, killing him. The petitioner then threw the murder weapon into a river behind the high school.

Before he died, the victim identified the petitioner to police, as did the former girlfriend. After his arrest, the petitioner confessed to the murder. While awaiting trial, the petitioner wrote letters to the presiding judge and state's attorney in which he admitted his crime and sought leniency. He pleaded guilty under the *Alford*[1] doctrine on September 18, 1984, pursuant to a plea agreement under which he was sentenced to twenty-eight years in prison. During the plea canvass, the petitioner stated that he understood the charges against him and the *Alford* doctrine, and that he had discussed the charges and his plea with his attorney, his mother and an incarcerated uncle. The petitioner did not appeal.

More than six years later, the petitioner sought habeas relief. After a hearing, the trial court denied the petition. This appeal resulted.

I

The petitioner claims that his plea was not made knowingly and voluntarily and was, therefore, invalid. To be valid, guilty pleas must be made voluntarily and knowingly. *State* v. *Gilnite*, 202 Conn. 369, 381, 521 A.2d 547 (1987). The validity of guilty pleas can be challenged before sentencing pursuant to Practice Book

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

§ 720[2] and on direct appeal. The petitioner, however, first attacked his plea in this habeas petition. "[T]his court strongly disfavor[s] collateral attacks upon judgments because such belated litigation undermines the important principle of finality . . . ." (Citations omitted; internal quotation marks omitted.) *Daley* v. *Hartford,* 215 Conn. 14, 27, 574 A.2d 194, cert. denied, 498 U.S. 982, 111 S. Ct. 513, 112 L. Ed. 2d 525 (1990). Therefore, we will review the claim only where the petitioner demonstrates "good cause for the failure to preserve a claim at trial and actual prejudice resulting from the alleged constitutional violation. . . ." (Citations omitted.) *McIver* v. *Warden,* 28 Conn. App. 195, 198, 612 A.2d 108, cert. denied, 224 Conn. 906, 615 A.2d 1048 (1992), quoting *Giannotti* v. *Warden,* 26 Conn. App. 125, 129, 599 A.2d 26 (1991), cert. denied, 221 Conn. 905, 600 A.2d 1359 (1992).

Cause turns on "whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. . . . [For example,] a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . would constitute cause under this standard." *Jackson* v. *Commissioner of Correction,* 227 Conn. 124, 137, 629 A.2d 413 (1993), quoting *Murray* v. *Carrier,* 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). The cause and prejudice standard, however, "is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, *inadvertance or ignorance.*" (Emphasis

[2] Practice Book § 720 provides in relevant part: "A defendant may withdraw his plea of guilty . . . as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721. A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

added.) *Valeriano* v. *Bronson,* 209 Conn. 75, 83, 546 A.2d 1380 (1988).

The petitioner has failed to demonstrate good cause. He claimed that he was surprised to learn of the actual crimes charged during the plea canvass. He was present, however, when the charges against him were read during his probable cause hearing, and again when he entered his plea. Further, his trial counsel testified that he thoroughly discussed the charges with the petitioner. The petitioner admitted as much during the plea canvass. The record undermines the petitioner's claims regarding his knowledge of the crimes of which he was accused.

The petitioner also claimed that he was never told that he could challenge his plea before sentencing or on appeal. The petitioner's trial counsel, however, testified that he "took some pains" in discussing the petitioner's options and eventualities in light of the petitioner's age and academic background. Further, the petitioner admits that, after he learned of the possibility of appeal and habeas corpus, he waited almost six years to file his petition. He testified that he did so to be sure that he "knew enough about it." Ignorance, however, does not establish good cause. See id.

Thus, the petitioner failed to establish good cause for his failure to raise this issue at trial or on direct appeal. Cause and prejudice must be established conjunctively. *Johnson* v. *Commissioner of Correction,* 218 Conn. 403, 419, 589 A.2d 1214 (1991). Because we find that the petitioner failed to demonstrate good cause for failing to raise this claim on direct appeal, we need not address the claim of prejudice, and we cannot review the petitioner's claim.

II

The petitioner next claims that he received ineffective assistance of counsel. He maintains that trial coun-

sel was deficient by failing (1) to adequately explain the plea and advising him to accept it, and (2) to pursue a defense of extreme emotional disturbance.

"We first consider our scope of review.[3] Although the underlying facts found by the habeas court may not be disturbed unless they were clearly erroneous, whether those facts constituted a violation of the petitioner's rights under the sixth amendment is a mixed determination of law and fact that requires the application of legal principles to the historical facts of this case. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . ." (Citations omitted; internal quotation marks omitted.) *Daniels* v. *Warden,* 28 Conn. App. 64, 68, 609 A.2d 1052, cert. denied, 223 Conn. 924, 614 A.2d 820 (1992).

The right to effective assistance of counsel is firmly grounded in the sixth and fourteenth amendments to the United States constitution.[4] *Falby* v. *Commissioner of Correction,* 32 Conn. App. 438, 629 A.2d 1154 (1993). Our Supreme Court has adopted the two-pronged analysis of *Strickland* v. *Washington,* 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to evaluate the effectiveness of counsel's assistance. *Davis* v. *Warden,* 32 Conn. App. 296, 302, 629 A.2d 440, cert. denied, 227 Conn. 924, 632 A.2d 701 (1993). "Under this analysis . . . the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice." Id.

---

[3] The petitioner need not satisfy the cause and prejudice test to obtain review of his claim of ineffective assistance of counsel because, if a petitioner succeeds on the merits of his claim, he will necessarily have proven both cause and prejudice. *Valeriano* v. *Bronson,* 209 Conn. 75, 83–84, 546 A.2d 1380 (1988).

[4] While effective assistance of counsel is also guaranteed by article first, § 8, of the Connecticut constitution, the petitioner frames his claim only under federal law. We shall likewise limit our review.

In order to prove his counsel's performance was deficient, the petitioner must first establish that his counsel made errors so serious as to cease functioning as the constitutionally guaranteed counsel. *Phillips* v. *Warden,* 220 Conn. 112, 132, 595 A.2d 1356 (1991). "The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Citations omitted; internal quotation marks omitted.) *Davis* v. *Warden,* supra.

The first ground on which the petitioner claims that his trial counsel's performance was deficient is that counsel failed to explain the plea adequately. The record, however, undermines his claim. The petitioner's trial counsel testified that he thoroughly reviewed the charges with the petitioner, taking special pains to do so in light of the petitioner's age and academic background. Further, trial counsel knew that the petitioner had discussed the plea with his mother and an uncle incarcerated at Somers prison. During the plea canvass, the petitioner admitted that he had discussed the plea with his counsel at length and that he was satisfied with his counsel's advice. We must presume that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland* v. *Washington,* supra, 689. The record reveals nothing that would taint, let alone defeat, this presumption.

Next, the petitioner claims that his trial counsel's performance was deficient because counsel advised the petitioner to accept the plea. Here too, the record disproves the claim. The state's case against the petitioner consisted of two eyewitnesses, a confession and two

inculpatory letters. Had he gone to trial, the petitioner would have faced a jail term far longer than twenty-eight years. Under the circumstances, accepting the plea can be considered sound trial strategy. The petitioner's claim fails.

The petitioner further claims that his trial counsel's performance was deficient due to his failure to pursue a potential defense of extreme emotional disturbance. Effective assistance of counsel includes competent pretrial investigation. *Summerville* v. *Warden,* 29 Conn. App. 162, 171, 614 A.2d 842, cert. granted on other grounds, 224 Conn. 918, 617 A.2d 172, 173 (1992). "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id., 172–73.

The petitioner's trial counsel had a psychiatrist evaluate the petitioner. The psychiatrist ruled out an insanity defense but reported that he needed more information to evaluate a possible defense of extreme emotional disturbance. The petitioner's trial counsel decided not to pursue that possibility further. At the habeas hearing, the trial counsel explained that his decision was based on the strength of the state's case. The petitioner had confessed to the police and written inculpatory letters to the judge and the state's attorney. Further, before he died, the victim identified the petitioner, as did the petitioner's girlfriend. In short, trial counsel believed that going to trial would have been "suicide" for the petitioner.

Trial counsel's decision to forgo further investigation was also based on his belief that a defense of extreme

emotional disturbance would not have been possible. Because the petitioner had been denied entry to the victim's home several times earlier in the day, and because he returned armed and wearing a mask, trial counsel believed a claim of extreme emotional disturbance would be fruitless. Further, the calculated manner in which the petitioner disposed of the murder weapon would have undermined the claim.

Finally, if the petitioner had gone to trial, he risked a much greater sentence than the twenty-eight years imposed. In light of the substantial evidence against the petitioner, the facts that undermined a claim of extreme emotional disturbance and the potentially long sentence to which the petitioner was exposed, the petitioner's trial counsel made a reasonable decision not to pursue a defense of extreme emotional disturbance. Therefore, counsel's assistance was constitutionally adequate.

To succeed on this claim, the petitioner had to prove both prongs of the *Strickland* test. Because the petitioner has failed to demonstrate that his trial counsel's conduct was deficient, we need not consider whether he was prejudiced thereby. His claim of ineffective assistance, therefore, must fail.

The judgment is affirmed.

In this opinion the other judges concurred.