[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a habeas petition initially dated August 30, 1991 in which the petitioner asserts that his current confinement is illegal as a result of the ineffective assistance of trial counsel. By amended petition dated May 12, 1995, the petitioner claims that his present confinement resulted from a conviction, following his Alford plea, for Sexual Assault in the First Degree for which he received a total effective sentence of eight years of confinement suspended after one year with four years of probation. The petitioner claims that his lawyer was ineffective in that he failed to properly investigate witnesses and failed to disclose the existence and results of an investigation to him before his guilty plea. In his Amended Return, dated April 1, 1996, the respondent has alleged, inter alia, that the petitioner failed to raise his claims in the trial court pursuant to Practice Book § 721(2) and/or (4), failed to raise the issue of the knowing and voluntary nature of his plea on appeal, and has failed to establish the cause for and prejudice resulting from his failure to raise these claims in the trial court or on direct appeal.
On April 2, 1996, the court conducted an evidentiary hearing CT Page 3066 on this petition during which oral testimony was received and certain documents were made exhibits. Based on the evidence adduced at the hearing, the court makes the following findings and order.
On May 20, 1988, the petitioner was sentenced by the court in the Judicial District of New Haven, to a term of eight years confinement to be suspended after serving one year with four years probation for his conviction of the offense of Sexual Assault in the First Degree. The petitioner's conviction was based on an Alford-based guilty plea he had entered to the charge on April 1, 1988. The sentence flowed from an agreed recommendation. Petitioner's Exhibit 1, Court Transcript. While the petitioner had originally also been charged with Kidnaping and Robbery stemming from the same incident, these charges werenolled by the State as part of the plea agreement.
The petitioner is currently an inmate in the custody of the Commissioner of the Department of Corrections.
Because the prisoner had spent approximately eight months in pre-trial confinement, the practical effect of his sentence was that he was released from custody approximately eight days following his sentencing, when he began his period of probation.
While on probation, the petitioner was arrested again, this time in a four-count information stemming from the New Haven Judicial District charging the petitioner with Sexual Assault in the First Degree, Burglary in the First Degree, Larceny in the Second Degree, and Assault in the Third Degree. He was also charged with a violation of probation.
On November 8, 1990, the petitioner plead guilty to the charge of Sexual Assault in the First Degree and to a violation of probation. Petitioner's Exhibit 2, Court Transcript. Subsequently, on January 25, 1991, the petitioner's probation was revoked and he was ordered to complete the unexpired portion of the sentence previously imposed on May 20, 1988; additionally, the petitioner was sentenced on the Sexual Assault in the First Degree conviction to a term of ten years to be suspended after three years confinement, with that sentence to be consecutive to the previously imposed sentence on which there was seven years of confinement remaining.
The court notes that it was only after the January 25, 1991 CT Page 3067 sentencing that the petitioner filed this habeas attacking his 1988 conviction.
Leading to his May 20, 1988 conviction, the petitioner was represented by Attorney James Radda while the State was represented by Assistant State's Attorney Jane Emons.
At the heart of the petitioner's claim is his assertion that while his case was pending before his plea, Atty. Radda had an investigator prepare a report relating to the charges then pending against him, and that the report was not shown to the petitioner until after he had plead guilty. The petitioner claims that if he had seen the contents of the report before his plea, he would not have plead guilty. He insists that he would have gone to trial. The petitioner does acknowledge, however, that he did see the report before his sentencing and that he did not seek to withdraw his plea. He asserts that he did not ask to withdraw his guilty plea because Atty. Radda told him that if he was successful, he would be returned to jail and his case would be prolonged. He also indicated that Atty. Radda told him he would be identified as a "snitch" in prison. It was for these reasons, the petitioner claims, that he did not seek to withdraw his plea.
At the habeas hearing, while the petitioner did not call the author of the report to testify, he sought to have the report admitted as evidence. Given the absence of the report's author, and hearing no valid basis for the admissibility of this hearsay document, the court sustained the respondent's objection to its offer.
At the time of sentencing, Atty. Emons made plain to the court the State's weaknesses in this case. She commented . . . "Not only were there people who I spoke to myself who were going to come in and testify on the defendant's behalf that circumstances were not quite as alleged by the victim, but that there were other evidentiary matters that the State could not have proved should the case have gone to trial such as articles left in the defendant's car by the complainant. . . . There were some serious evidentiary problems." Petitioner's 1, pp. 3-4. Additionally, Atty. Radda commented, "He kept insisting to me throughout the eight months he was in jail that the victim was a prostitute, and any investigator could never come up with any information that the victim was in fact in that j line of work or whatever. Those facts did materialize during jury selection and he entered his plea of guilty under the Alford Doctrine not CT Page 3068 because he admits his guilt, but because there is always that risk that even, you know, whatever the defendant could have showed at trial regarding this alleged victim, there is always the risk of a guilty verdict on one or more of the counts and rather than risk going to trial and being convicted he decided to plead guilty." Id. at 5. Thereafter the court asked the petitioner if there was anything he wanted to say to which he replied, "Yes, I pled guilty under the Alford Doctrine." Id. On further inquiry from the court as to whether he wanted to say anything before sentencing, the petitioner responded. "No". Id at 6.
Practice Book § 720 provides, in pertinent part, that, . . . "After acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in § 721." P.B. § 721 sets forth the grounds for a withdrawal of a guilty plea which include, inter alia, that the plea was involuntary, or that it resulted from the denial of the effective assistance of counsel, or that there was no factual basis for the plea. The petitioner did not seek to withdraw his plea on any of these bases even though he had already received the purported exculpatory investigative report prior to his sentencing date, and even though the record was made clear by the Assistant's State's Attorney that the State had numerous weaknesses of proof in its case.
The respondent asserts that the petitioner's claims should be barred because he has failed to demonstrate sufficient cause for not having preserved his claim at trial and for not having pursued it on appeal. The Appellate Court has previously noted, "[T]his court strongly disfavor[s] collateral attacks upon judgments because such belated litigation undermines the important principle of finality . . . (Citations omitted) Bowersv. Commissioner of Correction, 33 Conn. App. 449, 451-(1994). The petitioner, however, is not directly attacking his plea as either involuntary or unknowing. His claim is based solely on the ineffective assistance of counsel, and therefore, could not have been raised through the process of appeal.
In order to prevail in a claim of ineffective assistance of counsel, a habeas petitioner must establish not only that his counsel's performance was deficient but also that he was prejudiced by his lawyer's inadequate representation. Stricklandv. Washington, 466 U.S. 668 (1984), Bunkley v. Commissioner,222 Conn. 444 (1992). In this case, the petitioner has not met his CT Page 3069 burden of proving his claim. While arguably, Atty. Radda should have ensured that the petitioner received a copy of the investigative report prior to his plea, the petitioner has not proven that the contents of the report had any bearing on his guilty plea. Additionally, the petitioner has established no evidence that if he had plead not guilty, the results of a trial would have been favorable to him.
Finally, while in his amended petition the petitioner claimed that his counsel failed to properly investigate witnesses, he offered no evidence at the habeas hearing in support of this assertion.
For the foregoing reasons, the petition is dismissed.
Bishop, J.