I.
On June 22, 1999. the petitioner, Statewide Grievance Committee, filed this presentment, pursuant to Practice Book § 2-41,[1] against the respondent, Richard Pile-Strother. The respondent, who was admitted to the Connecticut Bar on November 16, 1981 was convicted, after a jury verdict, of bank fraud, in violation of 18 U.S.C. § 1344[2] and sentenced on August 29, 1994. The conviction was later vacated for evidentiary reasons, United States v. Strother, 49 F.3d 869 (2nd Cir. 1995). CT Page 13301-A The respondent was retried and convicted and thereafter, was sentenced on August 9, 1996 to a term of imprisonment for eight months, three weeks (having already served three months, one week after the first conviction), and upon release, a term of supervised release for two years and ordered to pay restitution of $82,500.00. The conviction was again appealed but was this time affirmed by summary order. Mr. Pile-Strother subsequently challenged that ruling by filing a motion pursuant to 28 U.S.C. § 2255, the federal equivalent to a Writ of Habeas Corpus; that motion is presently pending.
Practice Book § 2-41, states, in part, that "[t]he presentment proceeding instituted will not be brought to hearing until all appeals from the conviction are concluded unless the attorney requests the matter not be deferred." The respondent now objects to the continuation of this presentment process arguing that his pending 28 U.S.C. § 2255 motion constitutes an appeal. The petitioner objects, arguing that as the motion constitutes only a collateral attack on the judgment. it cannot be considered to be an "appeal" as set forth in Practice Book § 2-41. CT Page 13301-B
 II.
The respondent agrees that the pending federal motion is not a direct appeal of the conviction but submits that the distinction between direct and collateral is essentially semantic. He maintains that as the Fifth Circuit has stated that the motion is similar in function to an ordinary appeal, Anderson v. Butler,886 F.2d 111, 113 (5th Cir. 1989), this court should stay this proceeding until the federal motion is resolved. This court does not agree.
 A.
First, there is no question that a 28 U.S.C. § 1255 motion is considered by the courts to be a collateral attack on, and not an appeal from, a final judgment of conviction. See United Statesv. Frady, 456 U.S. 152, 154, 164-65 (1982); United States v.Addonizio, 442 U.S. 178, 179, 184 (1979); Swain v. Pressley,430 U.S. 372, 377-78 (1977); Davis v. United States, 417 U.S. 333,340-47 (1974); Hill v. United States, 368 U.S. 424, 426-27
CT Page 13301-C (1962); United States v. Hayman, 342 U.S. 205, 214-19 (1952).
Second, there is also no question that Connecticut courts consider a habeas corpus petition to be a collateral attack on, and not an appeal from, a final judgment of conviction. SeeSummerville v. Warden, 229 Conn. 397, 419-24, 641 A.2d 1356
(1994); Jackson v. Commissioner of Correction, 227 Conn. 124,130-35, 629 A.2d 413 (1993); Bowers v. Commissioner ofCorrection, 33 Conn. App. 449, 451, 636 A.2d 388, cert. denied,228 Conn. 929, 640 A.2d 115 (1994); see also Johnson v.Commissioner, 218 Conn. 403, 415-19, 589 A.2d 1214 (1991).
The United States Supreme Court has noted that "[o]nce the defendant's chance to appeal has been waived or exhausted, however, [courts] are entitled to presume he stands fairly and finally convicted . . . our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks [under § 2255]. To the contrary, a final judgment commands respect." United Statesv. Frady, supra, 456 U.S. 164-65. "For this reason, we have long CT Page 13301-D and consistently affirmed that a collateral challenge may not do service for an appeal." Id., 165.
Courts have continually reiterated the distinction between habeas corpus petitions/§ 2255 motions and appellate review. "When Congress enacted § 2255 in 1948, it simplified the procedure for making a collateral attack on a final judgment entered in a federal criminal case, but it did not purport to modify the basic distinction between direct review and collateral review." United States v. Addonizio, supra, 442 U.S. 184; see also United States v. Frady, supra, 456 U.S. 165 ("[T)he Court of Appeals erred in reviewing [the defendant's] § 2255 motion under the same standard as would be used on direct appeal, as though collateral attack and direct review were interchangeable"). Habeas is not the functional equivalent of an appeal. See Johnson v.Commissioner, supra, 218 Conn. 416, ("Appellate counsel would have less incentive to raise on appeal all arguable constitutional claims of the defendant if another opportunity to raise such claims were available in the habeas court").
 B. CT Page 13301-E
This court also notes that, as a practical matter, it is illogical to conclude that the drafters of Practice Book §2-41 meant to encompass habeas review when they prohibited hearings "until all appeals from the conviction are concluded." Theoretically, it is not possible for habeas review to "conclude" in the same manner as appellate review "concludes." "There is no statute of limitation or other time limit that would bar a habeas petition." Jackson v. Commissioner of Correction, supra,227 Conn. 132; Johnson v. Commissioner, supra, 218 Conn. 416. Additionally, assuming legitimate grounds not barred by res judicata, there is no limit to the number of habeas petitions any one person may bring. See, e.g., United States v. Frady, supra,456 U.S. 152 (where court considered the latest in a long series of collateral attacks brought by defendant). "A direct appeal following a conviction, on the other hand, is subject to strict time limits at each stage of the proceeding. Except for extraordinary cases, an appeal in this state is ordinarily determined within approximately one year from the date it was filed." Jackson v. Commissioner of Correction, supra, 132-33, quoting Johnson v. Commissioner, supra, 416. Thus, at some point, CT Page 13301-F appellate review must "conclude" as is contemplated by § 2-41.
Moreover, "[o]rdinarily the [habeas] petition may not be filed until appellate remedies have been exhausted Jackson v.Commissioner of Correction, supra, 227 Conn. 132, quoting Johnsonv. Commissioner supra, 218 Conn. 416. Thus, the very filing of a habeas petition implicitly signifies that "all appeals from the conviction are concluded," as either waived or exhausted, consistent with the use of this phrase in § 2-41.
Therefore, this court finds that "habeas corpus review" cannot be considered an "appeal" within the meaning of Practice Book § 2-41.