[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 9, 1995 the petitioner was sentenced at Superior Court, Judicial District of Hartford at Hartford, to terms of 45 years on a charge of murder and 15 years consecutive on a charge of possession of narcotics with intent to sell. The State Appellate Court confirmed his convictions on May 20, 1997 (45 Conn. App. 207 (1997)). Petitioner's certification for review to the Connecticut Supreme Court was denied on September 30, 1997. Subsequently, the petitioner filed a petition for habeas corpus in the United States District Court for the District of Connecticut. On March 20, 2000 United States District Judge Robert N. Chatigny dismissed the petition without prejudice to renewal after petitioner exhausted his state remedies.
Petitioner makes two claims in this petition as follows:
1. The trial court wrongly refused "to grant severance of the murder and the narcotics charges which violated the petitioner's due process right to a fair trial pursuant to the Fifth and Fourteenth Amendments to the United States Constitution."
2. "The trial court's decision to allow the state to introduce as an exhibit an assault rifle which was not relevant to either the murder charge or the narcotics charge substantially prejudiced the petitioner and rendered the trial fundamentally unfair, violating his right to due process pursuant to the Fifth and Fourteenth Amendments to the United States constitution."
On May 10, 2001 the respondent filed a motion to dismiss the petition and a memorandum in support thereof. Briefs were filed by both parties, and a hearing was held before this Court on the motion to dismiss/habeas petition on July 12, 2001. Respondent has raised the following issues:
1. The petition should be denied under the principle of res judicata. The Court does find that the claims raised by the petitioner in this petition are identical to issues raised on direct appeal to the Connecticut Appellate Court. Res judicata is designed to promote judicial economy by preventing re-litigation of issues or claims previously resolved. Scalzo v. Danbury, 224 Conn. 124, 127 (1992). A former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim.
The due process rights guaranteed by the federal constitution are identical to those granted by the Connecticut Constitution. The Connecticut Constitution may expand on federal constitutional rights but may not limit federal constitutional rights. Therefore, when the Appellate Court in this case decided that the petitioner's rights to due CT Page 9197 process were not violated under the Connecticut Constitution, it was implicitly finding that the petitioner's rights to due process under the federal constitution were not violated. On page 6 of respondent's brief in support of his motion to dismiss, he stated "The Federal constitutional claims made in his petition for Writ of Habeas Corpus either were raised at the appellate level as both counsel here seem to agree, or could have been raised at that time." At the hearing before this Court, this Court asked both counsel whether they agreed that the federal constitutional claims were raised at the appellate level. The answer from both counsel was "Yes".
In the Appellate Court decision, pages 215-216, the Court stated, inter alia, ". . . but a murder is not necessarily so brutal and shocking that a jury could not treat, with proper instruction, that crime and any other crime separately. See State v. Herring, 210 Conn. 78, cert. denied492 U.S. 912, 109 S.Ct. 3230, 106 L.Ed.2d 579 (1989)." In Herring that was a finding on the issue of severance, and an appeal to the United States Supreme Court was denied. On the issue of severance, therefore, federal constitutional rights were no doubt reviewed in the United States Supreme Court's decision to deny certification.
The second issue raised by the petitioner was whether the assault rifle should have been admitted into evidence. "Our Supreme Court has held that a gun may be relevant to the issue of intent to sell narcotics." Statev. Delossantos, 211 Conn. 258, 280-81, 559 A.2d 164, cert. denied,493 U.S. 866 . . ." State v. Hilton, Id. 218. On this issue the federal constitutional rights must have been reviewed by the United States Supreme Court in its decision to deny certification.
Accordingly, this Court finds that the state and federal constitutional rights of the petitioner to due process were raised at the trial level and in the appeal to the Appellate Court, and those issues were decided by the Appellate Court. The issues raised on the motion for severance and the admissibility of the assault weapon were part of the petitioner's claims in the Appellate Court's decision on whether the state and federal constitutional rights to due process of the petitioner were violated. Since these issues were raised and decided in the Appellate Court, the principle of res judicata does apply to this petition. For that reason alone, the petition is dismissed.
2. The second claim by the respondent is that "Assuming arguendo, that this court finds the claims raised on direct appeal were not predicated upon the federal constitution, the petitioner is still barred from a trial on the merits because he did not raise it during that appeal and has failed to show `cause and prejudice' as required under our law to raise it in this collateral proceeding." Page 4 and 5 of respondent's CT Page 9198 memorandum in support of its motion to dismiss. Respondent cited Bowersv. Commissioner, 33 Conn. App. 449, 451 and Jackson v. Commissioner ofCorrections, 227 Conn. 124, 137 (1993). At the hearing and in his brief, the petitioner claims that he indeed did raise these issues during the appeal, and the respondent agreed with this, see Page 3 hereof. Accordingly, there was no failure to raise it during the appeal which is a necessary part of showing "cause and prejudice".
 CONCLUSION
For the reasons stated above, the respondent's motion to dismiss dated May 10, 2001 is granted.
RITTENBAND, JTR