[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 22, 1999 the petitioner pleaded guilty before Judge Gary White to burglary third degree, possession of burglary tools and criminal mischief. He also admitted being in violation of probation from a suspended five year sentence which had been imposed on April 18, 1998 following a plea of guilty to burglary third degree. On April 23, 1999 the petitioner was arrested on site at a New Haven public school and charged with burglary.
On July 1, 1999 the petitioner appeared before Judge White for sentencing on the various guilty pleas. He also pleaded and was found guilty of burglary third degree with respect to the incident on April 23, 1999. He faced up to seventeen years of incarceration on all charges. Judge White imposed a total effective sentence of ten years, execution suspended after five years, and three years probation. On all the above charges the petitioner was represented by Attorney Howard Gemeiner.
On February 17, 2000, through counsel, the petitioner filed a petition for a writ of habeas corpus. The basis of the petition was a claim that at the time of the alleged crimes he was suffering from a mental disease or defect and therefore he was not guilty of the crimes to which he had pled guilty, and that he was not competent to plead guilty or to be sentenced, all in violation of his constitutional rights. The petition was subsequently amended to allege that the mental disease or defect being claimed was bipolar I disorder. The return filed by the respondent denied the claims related to the alleged mental disease or defect, and also raised a defense of procedural default, pursuant to Practice Book § 23-30(b) on the grounds that the claim had not been raised before the trial court or on direct appeal. The petitioner then filed a second amended petition on December 17, 2001 in which he responded to the claim of procedural default by alleging that the grounds of the petition were not previously asserted at the trial level or on direct appeal because he was incompetent to understand or present them, and because his attorney failed to properly represent him in accordance with the Sixth Amendment to the United States Constitution. The respondent then denied the claim of ineffective assistance of counsel. CT Page 9213
It is to be noted that in the second amended petition the petitioner's claim on the merits is that he is entitled to habeas corpus relief because of his mental condition at the times the crimes were committed, when he pleaded, and when he was sentenced. The issue of ineffective assistance of counsel was raised in response to the respondent's claim of procedural default.
The petitioner concedes that he failed to raise his claims of insanity and incompetency at the trial level or on direct appeal and that the appropriate standard in that situation is the Wainright standard of "cause and prejudice." See Jackson v. Commissioner of Correction, 227 Conn. 124; and Johnson v. Commissioner of Corrections, 218 Conn. 403.
 Cause turns on "whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. . . . [For example,] a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . would constitute cause under this standard." Jackson v. Commissioner of Correction, 227 Conn. 124, 137, 629 A.2d 413 (1993), quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The cause and prejudice standard, however, "is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertance or ignorance. (Emphasis added.) Valeriano v. Bronson, 209 Conn. 75, 83, 546 A.2d 1380 (1988).
Bowers v. Commissioner of Correction, 33 Conn. App. 449.
In his brief the petitioner claims that the "good cause" prong is satisfied by proof that at the time of sentencing he was suffering from a mental defect that prevented him from making a reasonable judgment. As far as the second prong of "prejudice" is concerned in his brief the petitioner claims that if the petitioner's mental condition had been properly presented to the court, that the court would not have accepted the plea since it would have been apparent that it was not knowing or voluntary. The reference to the petitioner's mental condition not being "properly" presented to the court appears to claim ineffective assistance of counsel, which the brief later refers to as the "second claim."
"In order . . . to prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice." Bunkley v. Commissioner ofCT Page 9214Correction, 222 Conn. 444, 445, 610 A.2d 598 (1992); Daniel v.Commissioner of Correction, supra, 57 Conn. App. 664. "Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, `that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' Strickland v.Washington, supra, 466 U.S. 694." Daniel v. Commissioner of Correction, supra, 664.
"In Hill v. Lockhart, supra, 474 U.S. 57-58, the court determined that the [Strickland] two-part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement in Strickland were relevant in the context of guilty pleas. Although the first half of the Strickland test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard . . . to require . . . the defendant [to] show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) Copasv. Commissioner of Correction, supra, 234 Conn. 156; Daniel v.Commissioner of Correction, supra, 57 Conn. App. 664-65.
As indicated above, the petitioner must not only prove that his counsel's performance was inadequate, but also that if it were not for counsel's deficient representation, he would not have pleaded guilty, would have gone to trial, and either would have been acquitted or at least have received a lesser sentence than he received as a result of the guilty pleas.
A factual determination as to whether the petitioner has satisfied his burden of proof that at the time of the commission of the various crimes he was legally insane, that he was not competent to plead guilty or to be sentenced, and that his counsel was ineffective will be dispositive of both the issues raised in response to the procedural default and the petition on its merits.
The evidence presented before the court on March 19, 2002 consisted of the testimony of Carol Holt, Ph. D., a social worker from the Connecticut Mental Health Center, Attorney Gemeiner, and Joseph McCray, father of the petitioner.
The respondent offered several exhibits. These exhibits consisted of the police reports concerning all of the crimes for which he was sentenced on July 1, 1999, including the violation of probation, and various court transcripts of his pleas and sentencing. None of these exhibits support the petitioner's claim that he was legally insane when CT Page 9215 the various crimes were committed or that he was incompetent when he appeared in court for pleas and sentencing.
Dr. Holt's testimony indicated that the petitioner was suffering from bipolar disease, but she conceded that she was not qualified to give opinions with respect to legal insanity or competency, and she gave no such opinion.
Mr. Gemeiner testified in detail about his representation of the petitioner starting in 1998 and culminating on July 1, 1999 in the court proceedings before Judge White. In part, he testified that he was aware of the bipolar disease, having talked to Dr. Holt and received her report, but did not believe it was sufficient to establish mental disease or defect at the time of the offenses or incompetency to plead or be sentenced. He felt that the mental condition of his client could better be used in connection with mitigation of sentence. The report of Dr. Holt was submitted to Judge White, who was aware that the petitioner suffered from that condition, as well as having a drug habit. Mr. Gemeiner, who was a credible witness, is an experienced criminal defense attorney and his handling of the petitioner's criminal cases was reasonable trial strategy considering all the facts and circumstances. He obtained a very good result from Judge White.
Based on all the evidence presented at the habeas hearing the court finds that the petitioner has failed to prove that at the time of the commission of the various crimes he was suffering from a mental disease or defect which rose to the level required by General Statutes Section53a-13 (a): He also has failed to prove that at the time of his pleas and sentencing he was suffering from a mental defect which rendered him incompetent to plead or be sentenced. Accordingly, the court finds that the petitioner has failed to prove Paragraphs 2d 2D, 2E, 2F, and 2G of the second amended petition.
The court further finds that the petitioner has failed to prove that Mr. Gemeiner was ineffective at any time during his representation of the petitioner, or that the petitioner has suffered any prejudices as the result of the representation.
With respect to the claim of procedural default, the court finds that the petitioner has failed to prove "cause and prejudice" as is required under the authority previously cited.
The petition is dismissed based on the respondent's claim of procedural default and on the failure of the petitioner to prove the merits of the second amended petition. CT Page 9216
Hadden, J